UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>       Petitioner,<br><br>   v.<br><br>KELLY SANTORO,<br><br>       Respondent. | No.  2:25-cv-2802 CSK P<br><br><br>ORDER AND FINDINGS &<br><br>RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

As set forth below, it is recommended that this case be summarily dismissed.

I.    THE PETITION

Petitioner challenges his April 2019 conviction in the Lassen County Superior Court. (ECF No. 1.)  Petitioner raises five claims:  (1) petitioner was denied due process and equal protection of the law when the trial court failed to hold an ability to determine if petitioner had the means to pay the restitution imposed; (2) petitioner was subjected to double jeopardy when the trial court imposed a term of imprisonment and monetary penalties in a single action; (3) the

1

trial court failed to establish its jurisdiction; (4) the trial court imposed impermissible statutes; and (5) ineffective assistance of counsel based on imposition of administrative fees.  (Id. at 4-5.) Petitioner alleges he raised the instant claims in the California Supreme Court in Case No. S290928, which were denied on September 17, 2025.  (Id. at 3.)

II.      GOVERNING STANDARDS

Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.  Federal courts retain broad powers to control their dockets and to "prevent duplicative or unnecessary litigation."  Slack v. McDaniel, 529 U.S. 473, 478 (2000).

III.     DISCUSSION

The instant petition should be summarily dismissed.  The present application is second or successive as it challenges the same state court judgment challenged in an earlier petition.  See 28 U.S.C. § 2244(b); see also Magwood v. Peterson, 561 U.S. 320, 332 (2010).  Where a petitioner's claims are second or successive, the petitioner must obtain leave from the Ninth Circuit before filing a petition.  See Magwood, 561 U.S. at 331; see also Burton v. Stewart, 549 U.S. 147, 157 (2007).  Court records confirm that petitioner previously sought habeas relief challenging his 2019 conviction in Bland v. Warden, No. 2:21-cv-0518 TLN DB (E.D. Cal.), which was denied on September 20, 2022.[1]  Because the petition is second or successive, it should be dismissed without prejudice.

V.       CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall (1) assign a district judge to this case; (2) the Clerk is directed to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California; and

---

[1]  A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In the objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 9, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/blan2802.156.summ